UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60390-CIV-COHN/SNOW

FRANLYN WEICHSELBAUM,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

**FINAL ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE is before the Court upon the Report and Recommendation [DE 12] of the Magistrate Judge, Plaintiff's Objections thereto [DE 13], Plaintiff's Motion for Summary Judgment [DE 10] and Defendant's Motion for Summary Judgment [DE 11]. The Court has reviewed the entire record on appeal, as well as the above-mentioned motions, and is otherwise fully advised in the premises.[1]

## I. BACKGROUND

### A. Procedural History

Plaintiff Franklyn Wechselbaum applied for Social Security disability benefits on July 13, 2005, alleging that he was unable to work because of dystonia, neck pain, high blood pressure and ankle/foot problems. An administrative hearing was held on July

---

[1] The Court notes that neither Plaintiff nor Defendant filed responses to each other's Motions for Summary Judgment. The Court considers each Motion as both a motion and a response to the opposing party's motion.

18, 2006, wherein the Administrative Law Judge ("ALJ") determined that Plaintiff was not entitled to benefits.  That decision was affirmed by the Appeals Council and adopted by the Commissioner, and a final decision was issued on January 25, 2007.

Plaintiff filed this action on March 20, 2007.  The undersigned referred this matter to United States Magistrate Judge Lurana Snow.  Magistrate Judge Snow issued a report recommending affirmance of the ALJ's decision, granting of Defendant's Motion for Summary Judgment, and denial of Plaintiff's Motion.  Because Plaintiff has filed objections to the Report, this Court has conducted a complete review of the Report and the record.

### B. Factual History

The Magistrate Judge issued a twenty-one (21) page Report and Recommendation on September 12, 2007.  The Report details the medical records and testimony presented at the administrative hearing and in the administrative record.  Report, pp. 2-14 [DE 12].  Plaintiff does not object to any factual findings in the Report, focusing instead on the ALJ's failure to follow certain responses by the vocational expert to hypothetical questions presented at the administrative hearing.  Therefore, the Court will adopt and incorporate herein by reference the entire "Facts" section of the Report.  Report, pp. 2-14 [DE 12].

### C. Administrative Law Judge's Evaluation

The ALJ performed the requisite sequential five-step analysis pursuant to 20 C.F.R. §§ 404.1520 and 416.920.  Administrative Record at 18-21 (hereinafter "R.#"), attached to Notice of Conventional Filing [DE 5].

> If the claimant is performing substantial gainful work, she is not disabled.
>
> If the claimant is not performing substantial gainful work, her impairment (or combination of impairments) must be severe before she can be found to be disabled.
>
> If the claimant is not performing substantial gainful work and has a severe impairment (or combination of severe impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment (or combination of impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is presumed disabled without further inquiry.
>
> If the claimant's impairment (or combination of impairments) does not prevent her from doing her past relevant work, she is not disabled.
>
> Even if the claimant's impairment (or combination of impairments) prevents her from performing past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity and vocational factors, she is not disabled.

Id. The ALJ first found that Plaintiff has not engaged in substantial gainful activity since February 1, 2002. R.19. He next determined that Plaintiff's combination of impairments – focal dystonia, degenerative disc disease of the cervical spine, hypertension and diabetes mellitus Type II – is "severe," which means that all medically determinable impairments must be considered in the remaining steps of the analysis. Id. (citing 20 C.F.R. §§ 404.1520(c)). The ALJ also found that Plaintiff's right shoulder pain is not a severe impairment. Id.

The third step requires the ALJ to determine whether Plaintiff's impairments (individually or in combination) meet or medically equal a listed impairment contained in 20 CFR Part 404, Subpart P, Appendix 1. Id. The ALJ rejected Plaintiff's argument that his occasional loss of speech met the listed impairment, concluding that the

Plaintiff "lacks the gravity of symptoms necessary to establish this severe impairment." R. 20. This Court agrees with this conclusion, as described below.

The ALJ then proceeded to step four. He noted that he considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with objective medical evidence and other evidence" and "opinion evidence." Id. at 20. The ALJ found that Plaintiff's testimony regarding the intensity, persistence and limiting effects of his symptoms were not entirely credible. Id. Plaintiff's residual functional capacity ("RFC") included the ability to lift less than 20 pounds occasionally and 10 pounds frequently; stand or walk about six hours in an eight-hour workday; sit about six hours in an eight-hour workday; never climb ramps, stairs, ladders, ropes or scaffolds; occasionally perform all other postural activities; limited handling -- gross mainpulation on the right; avoid concentrated exposure to hazards such as heights or machinery and vibration. R. 20. With this RFC, the ALJ determined Plaintiff can perform his past relevant work as an accountant, as he could perform sedentary jobs. R.21.[2]

Plaintiff claims that the ALJ erred in failing to accept the opinion of the Vocational Expert ("VE") regarding Plaintiff's ability to perform past relevant work. In particular, when counsel for Plaintiff asked additional hypotheticals of the VE, assuming additional physical impairments, the VE did agree with counsel that Plaintiff could not

---

[2] Although the ALJ concluded that Plaintiff could perform his sedentary former work, he also utilized the Vocational Expert to show that Plaintiff can perform other jobs existing in significant numbers in the national economy, such as bookkeeper. Id. at 202-204. Typically, the burden only shifts to the Commissioner to show other jobs when a claimant cannot perform his past relevant work.

perform past relevant work. R. 200-01.

## II. ANALYSIS

### A. Standard of Review

The Court's evaluation of the ALJ's decision is extremely deferential. The Social Security Act dictates that the "factual findings are conclusive if supported by 'substantial evidence.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citing 42 U.S.C. § 405(g) (1982)); see also Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). Substantial evidence is "more than a scintilla, but less than a preponderance" Martin, 894 F.2d at 1529 (citing Bloodsworth v. Heckler, 703 F.2d 1233,1239 (11th Cir. 1983)), and is defined as such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389 (1971). "Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." Martin, 894 F.2d at 1529. The Court must examine the entire record to determine whether the decision reached was "reasonable and supported by substantial evidence." Martin, 894 F.2d at 1529 (citing Bloodsworth, 703 F.2d at 1239 (citations omitted)). In contrast, the ALJ's conclusions of law are not presumed valid. Martin, 894 F.2d at 1529. Instead, the Court must "conduct an exacting examination" of the applied legal standards. Miles, 84 F.3d. at 1397 (internal quotations omitted) (citing Martin, 894 F.2d at 1529). "The [ALJ's] failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal." Martin, 894 F.2d at 1529 (citing Gibson v. Heckler, 779 F.2d 619,

622) (other citations omitted).

## B.  Sufficiency of Evidence of Vocational Expert Testimony

### 1.  Capacity for Less than Frequent Talking

Plaintiff's objections suggest that the ALJ ignored certain conclusions by the VE. This Court interprets the Record differently.  During the VE's testimony, the ALJ posed several hypothetical claimant impairment examples to the VE, receiving answers that indicated that Plaintiff could perform past relevant work.  R. 194-99.  Plaintiff's counsel then asked two additional hypotheticals.  R. 200-202.  The first asked the VE to add a symptom of less then frequent ability to talk, due to symptoms similar to Plaintiff's symptoms.  The VE did respond that frequent talking is a requirement of the job listing for accountant, and therefore such a claimant could not perform previous relevant work. R. 200-01.  On "redirect" by the ALJ, as noted above, the VE did indicate that adding the limitation of less than frequent talking would still leave bookkeeper as past relevant work for a former accountant.  R. 202.

In his written opinion, the ALJ addressed the loss of speech issue by finding that the record indicated that the claimaint lacked the gravity of symptoms necessary to establish a severe limitation for loss of speech (R.20), and by also finding that the claimant had facial dystonia (neurological movement disorder in which sustained muscle contractions cause twisting and repetitive movements) for many years while he still worked.  R. 21.  The ALJ also concluded that Plaintiff retired from working in 2000, two years before his alleged first onset date, rather than his condition forcing him to stop working.  Id.  Whether the Court agrees with this conclusion or not, this finding of

the ALJ is supported by substantial evidence in the medical record and in evaluating the Plaintiff's testimony. The ALJ could have properly decided that his hypotheticals to the VE better fit the record in this case, rather than counsel's additional hypothetical to the VE.

### 2.  Functional Capacity for Handling and Feeling

Another issue raised by Plaintiff's objections concerns the VE's testimony regarding occasional limitations on the capacity for handling and feeling. The VE testified that the categories of limitations on handling and feeling are "continuous, frequent, occasional, and never." R. 196; Report, p. 19. Thus, if one's limitation is "less than occasional," it becomes "never." The VE thus testified that if a claimant with Plaintiff's impairments had "less than occasional" capacity to handle or feel, such a claimant could not perform the past relevant work of accountant, bookkeeper, or even timekeeper. R. 196-97.

The ALJ considered the entire record on the issue of the extent of Plaintiff's limitations as to handling and feeling. Though the ALJ gave the opinion of Plaintiff's treating physician, Dr. Raptis, controlling weight in claimant's ability to function, he need not accept Dr. Raptis's opinion regarding claimant's ability to return to his past work. R. 20; Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). The Magistrate Judge analyzed this precise issue and concluded that Dr. Raptis only indicated that Plaintiff's ability to handle and feel were affected by his impairments, and did not state that Plaintiff had no ability to handle or feel. Report, p. 18. Therefore, the most accurate hypothetical posed to the VE during the hearing was the ALJ's hypothetical

with only the ability to occasionally handle and feel while working.

The Court concludes that the evidence does not support a finding that Plaintiff had no ability to handle or feel.  Rather, the record supports that ALJ's conclusion that Plaintiff's limitations were occasional as to handling and feeling.  Thus, the VE's testimony supports the ALJ's finding that Plaintiff could perform past relevant work.  The ALJ's conclusion that Plaintiff was not disabled is therefore supported by substantial evidence in the record.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED**, and Defendant's Motion for Summary Judgment [DE 11] is **GRANTED**.  Judgment will thereby be entered in favor of the Commissioner.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 28th day of September, 2007.

JAMES I. COHN
United States District Judge

copies to:

Lilli Marder, Esq.
David Mellinger, AUSA